# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-169 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| REKHA HALLIGAN, | ) | Magistrate Judge Richard A. Lanzillo |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Christopher Young ("Plaintiff"), an inmate at the State Correctional Institution at Albion ("SCI-Albion"), initiated this civil rights action pursuant to 42 U.S.C. § 1983 on May 25, 2018. ECF No. 1. In his Complaint, Plaintiff alleges that the lone defendant, Dr. Rekha Halligan ("Dr. Halligan"), violated his Eighth Amendment rights by depriving him of necessary medical care.

Dr. Halligan filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 22, 2018. ECF No. 14. After receiving an extension of time in which to oppose the motion to dismiss, Plaintiff elected instead to file an Amended Complaint, albeit without seeking leave of Court.[1] ECF No. 29. Dr. Halligan filed an objection

---

[1] Plaintiff's proposed Amended Complaint was filed well in excess of 21 days after service of Dr. Halligan's 12(b)(6) motion, even accounting for the extension. See Fed. R. Civ. P. 15(a)(1)(B). As such, Plaintiff's request for amendment requires the Court's leave. Fed. R. Civ. P. 15(a)(2).

1

to the proposed Amended Complaint on December 27, 2018. ECF No. 28. Each of these matters is ripe for review.[2]

I.  **Factual Background**

At some point prior to the initiation of this lawsuit, an outside specialist diagnosed Plaintiff with "erosive reflux esophagitis, gastritis, dyspepsia, cecum inflammation, chronic inflammation of the lamina Propria, focal acute inflammatory infiltrates involving the granular epithelial cells & lamina Propria, patchy chronic inflammatory infiltrates, neutrophils & lymphocytes." ECF No. 6 ¶ 6. That specialist ordered treatment with a drug called "Carafate" and another medication. Id. A prior physician at SCI-Albion, Dr. Jose Boggio, initially declined to treat Plaintiff with Carafate but reconsidered after Plaintiff filed several grievances. Id. ¶ 7. These allegations formed the basis for a previous lawsuit filed by Plaintiff in this district, Young v. Boggio, No. 1:17-cv-125 (W.D. Pa. 2017).[3]

At some point, Dr. Halligan replaced Dr. Boggio as the Medical Director at SCI-Albion. ECF No. 6 ¶¶ 4-5. Plaintiff sent "numerous sick-call & request slips" to Dr. Halligan explaining his past medical history and complaining of "on-going worsening symptoms of vibrations spread through-out legs & cardiac, chest pains, drilling & gnawing pains in cardiac region as well as esophagus region, burning pains, tightening, pressure, soreness, tenderness, sensitivity in chest region, stomach pains, grawling, bubbling & grumbling as far up as cardiac, tightening in back,

---

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.

[3] The Court may take judicial notice of this prior lawsuit and the filings entered therein because they are matters of public record. See, e.g., Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 722 (3d Cir. 2013); United States v. Hoffert, 2018 WL 4828628, at *1 (W.D. Pa. Oct. 4, 2018) ("[A] court may take judicial notice of relevant prior court orders, including orders in other cases.") (citing Mina v. United States Dist. Court for E. Dist. of Penn., 710 Fed. Appx. 515, 517 n. 3 (3d Cir. 2017)).

2

flanks, sides, chest & stomach, bothering breathing, dripping wet (cold & warm) sensations in cardiac & left under arm, sensations of something eating away in chest, heart constantly beating harder, to include emergencies where plaintiff's blood pressure (vitals) had raised so high plaintiff had to be sent to the infirmary." Id. ¶ 5. Dr. Halligan responded by telling Plaintiff that she would not "take[] [him] off of treatment" but "did so anyway." Id. ¶ 8. Dr. Halligan "never adequately treated" Plaintiff, left him untreated at times despite his complaints, and "told plaintiff that he has no medical or physical health issues, & that plaintiff doesn't need a specialist or anything." Id. In addition, Dr. Halligan raised Plaintiff's dose of Lisinopril (a blood pressure medication) despite Plaintiff's request to change his blood pressure medications, discontinued his blood pressure medication "without doing the 10-days of blood pressure checks to see if it's safe," and stated that she was concerned about Plaintiff's heart but "really didn't . . . explain why." Id. ¶ 9.

The Complaint indicates that Plaintiff submitted sick-call slips, request slips, or attended appointments with Dr. Halligan on each of the following dates: March 28, 2017, June 27, 2017, June 28, 2017, July 18, 2017, September 7, 2017, September 21, 2017, October 8, 2017, and October 19, 2017. Id. ¶ 12. Plaintiff also attended an appointment with a nurse practitioner, Chuzie, on September 7, 2017. Id. Plaintiff's symptoms have been treated with, *inter alia*, zantac, omeprazole, protonix, pepsid, Carafate, mytabs, mygas, and Mylanta, none of which have proved effective to his satisfaction. Id.

By way of judicial notice, the Court observes that Plaintiff was seen by outside specialists at St. Vincent Hospital in Erie, PA, on June 22, 2016, and June 30, 2016. Young v. Boggio, 2018 WL 6840121, at *1 (W.D. Pa. Dec. 30, 2018). At the first appointment, Plaintiff was diagnosed with erosive reflux esophagitis class A, cecum inflammation, and dyspepsia. Id. An

endoscopy was performed, after which Plaintiff was diagnosed with "Erosive Reflux Evidence La class A/Dyspepsia, mildly active chronic gastritis, Chronic inflammation of the lamina propria, focal acute inflammatory infiltrates involving the granular epithelial cells & lamina prapria identified patchy chronic inflammatory infiltrates, neutrophils & lymphocytes." Id. Plaintiff has also had a colonoscopy, an ultrasound, and a CAT scan. Id. at *2-3.

In his proposed Amended Complaint, Plaintiff introduces several additional facts. He notes that he had a colonoscopy on June 22, 2016, resulting in a diagnosis of mild esophagitis. ECF No. 29 ¶ 8. He indicates that he has had multiple EKG's with normal results. Id. ¶ 32. In addition to the appointments described above, Plaintiff submitted sick call slips or attended additional medical appointments with Dr. Halligan and other medical staff at SCI-Albion on April 16, 2017, May 3, 2017, May 24, 2017, May 31, 2017, June 9, 2017, June 12, 2017, June 15, 2017, June 16, 2017, June 26, 2017, June 29, 2017, July 10, 2017, August 3, 2017, August 6, 2017, August 8, 2017, August 17, 2017, August 21, 2017, August 28, 2017, August 30, 2017, September 10, 2017, September 12, 2017, September 14, 2017, November 18, 2017, November 29, 2017, December 13, 2017, December 20, 2017, December 22, 2017, January 31, 2018, February 9, 2018, February 12, 2018, February 17, 2018, February 20, 2018, February 28, 2018, and March 14, 2018. Id. ¶¶ 14-91. Plaintiff generally avers that he "did not receive adequate care/treatment" at any of those appointments. Id.

## II. Standards of Review

### 1. *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C. Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed. R. Civ. P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same).

### 2. Motion to dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in Conley v. Gibson, 355 U.S. 41 (1957)). In making this determination, the court

must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. Twombly, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the Twombly/Iqbal line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III.    Analysis**

Based on the factual averments outlined above, Plaintiff asserts claims of deliberate indifference to his serious medical needs and medical malpractice/negligence.[4] Dr. Halligan seeks dismissal of both claims. Each will be addressed in turn.

**A. Deliberate Indifference to Medical Needs**

In both his initial pleading and his Amended Complaint, Plaintiff contends that Dr. Halligan violated the Eighth Amendment's prohibition against cruel and unusual punishment by displaying deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97 (1976) (stating that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment") (internal quotation omitted). To establish a violation of his constitutional right to adequate medical care, a plaintiff is required to allege facts that demonstrate: (1) a serious medical need, and (2) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury." White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

---

[4] Plaintiff's Complaint references the word retaliation in the introductory paragraph but never mentions it again. In his concluding paragraph, where he states his legal claims for relief, Plaintiff does not mention retaliation. Plaintiff does not offer any facts in support of a retaliation claim, and the lone reference to retaliation appears to have been dropped from his Amended Complaint. Because it appears that Plaintiff does not intend – and, most likely, never intended – to pursue a retaliation claim, that claim will not be addressed.

7

Plaintiff's claims in the instant action focus on Dr. Halligan's inability to find a medication that effectively relieves his acid reflux symptoms and high blood pressure. Plaintiff also disagrees with Dr. Halligan's professional opinion that Plaintiff does not suffer from a severe heart problem. It is well-settled that "an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim." Tillery v. Noel, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases). Such complaints fail as constitutional claims because "the exercise by a doctor of his professional judgment is never deliberate indifference." Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997) (citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.")). "Therefore, where a dispute in essence entails nothing more than a disagreement between an inmate and doctors over alternate treatment plans, the inmate's complaint will fail as a constitutional claim under § 1983." Tillery, 2018 WL 3521212, at *5 (citing Gause v. Diguglielmo, 339 Fed. Appx. 132 (3d Cir. 2009) (characterizing a dispute over pain medication as the type of "disagreement over the exact contours of [plaintiff's] medical treatment" that does not violate the constitution)).

By the same token, "the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation." Tillery, 2018 WL 3521212, at *5 (quoting Estelle, 429 U.S. at 106). "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Thus, "courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care." Hensley v. Collins, 2018 WL 4233021, at *3 (W.D. Pa.

Aug. 15, 2018) (quoting Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. Oct. 13, 2000)). See also Wisniewski v. Frommer, -- Fed. Appx. --, 2018 WL 4776165, at *3 (3d Cir. Oct. 3, 2018) (noting that "there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'") (quoting Pearson v. Prison Health Serv., 850 F.3d 526, 535 (3d Cir. 2017)).

In the instant case, there is no question that Plaintiff received "some level of medical care" from Dr. Halligan and the medical staff at SCI-Albion. Hensley, 2018 WL 4233021, at *3. Plaintiff's own averments indicate that he was examined by medical personnel (or received some other form of attention, such as a written response to a request slip) at least forty times during the time period at issue. Plaintiff received attention from outside specialists and underwent a colonoscopy, endoscopy, ultrasound, CAT scan, and multiple EKGs in an attempt to diagnose the source of his symptoms. The results of those tests revealed nothing more than a mild form of erosive reflux and related disorders. Dr. Halligan and the medical staff at the prison treated his symptoms with a host of medications, including zantac, omeprazole, protonix, pepsid, Carafate, mytabs, mygas, and Mylanta. "Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim." Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978).

To the extent that Plaintiff complains that those medications are not effective or are not the medications that he prefers, it is well-settled that an inmate's objection to the type of medication provided by prison physicians is precisely the type of "disagreement between an inmate and doctors over alternate treatment plans" that falls well short of a constitutional violation. Tillery, 2018 WL 3521212, at *5. Indeed, these types of claims frequently arise – and are routinely rejected – in the prison setting. See, e.g., Whooten v. Bussanich, 248 Fed. Appx.

324, 326-27 (3d Cir. 2007) (medical staff was not deliberately indifferent for treating migraine headaches with a medication other than the drug preferred by plaintiff); Ascenzi v. Diaz, 247 Fed. Appx. 390, 391 (3d Cir. 2007) (no deliberate indifference where plaintiff was provided pain medication and antibiotics instead of narcotic pain relievers for his herniated cervical discs); Castro v. Kastora, 2018 WL 4538454, at *6 (E.D. Pa. Sept. 20, 2018) (use of ibuprofen and Tylenol instead of Oxycodone or other narcotics did not amount to deliberate indifference; "[t]he medical staff did not withhold pain medication [but] merely exercised their medical judgment in providing [plaintiff] with a different medication than what he wanted."). While Plaintiff is clearly frustrated as to the ineffectiveness of many of the medications he has received, there is nothing to suggest that Dr. Halligan is withholding more effective medications; to the contrary, it appears that Plaintiff has been offered the chance to try every medication that exists for his condition.

In short, Plaintiff's own averments squarely bely the viability of his Eighth Amendment claim. Both his Complaint and the proposed Amended Complaint clearly indicate that he has received frequent and comprehensive attention for his medical conditions. His interactions with Dr. Halligan suggest that her treatment decisions are the product of her medical judgment, restricted only by the limitations of medical science, rather than any impermissible factor. His dissatisfaction with those decisions amounts to nothing more than a "disagreement between an inmate and doctors over alternate treatment plans." Tillery, 2018 WL 3521212, at *5. Under such circumstances, his Eighth Amendment claim must fail.

### B. Medical Malpractice/Negligence

Plaintiff next contends that Dr. Halligan's treatment was so inadequate as to sustain a claim of medical malpractice under Pennsylvania state law. Dr. Halligan responds that this claim

should be dismissed because of Plaintiff's failure to file a certificate of merit within 60 days of the filing of his initial complaint.

Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires a plaintiff in a medical malpractice action to file a certificate of merit with the complaint, or within 60 days after the filing thereof, attesting that there is a reasonable probability that the medical care described in the complaint fell outside of acceptable professional standards. The Third Circuit has held that Rule 1042.3 is substantive law that must be applied by federal courts under Erie R.R. v. Thompkins, 304 U.S. 64 (1983). See Liggon-Redding v. Estate of Sugarman, 659 F.3d 258, 262-64 (3d Cir. 2011). Thus, for purposes of a motion to dismiss, the Pennsylvania certificate of merit rule is applied as "controlling, substantive state law." Scaramuzza v. Sciolla, 345 F.Supp.2d 508, 509-10 (E.D. Pa. 2004).

"[A] plaintiff's failure to comply with Rule 1042.3 requires dismissal of any malpractice claim." Bennett v. PrimeCare Medical, Inc., 2018 WL 6072126, at *10 (M.D. Pa. Sept. 14, 2018). However, "Pennsylvania practice expressly provides plaintiffs with notice of Rule 1042.3's requirements and an opportunity to cure any failure to file a certificate of merit before a matter is dismissed." TranSystems Corp. v. Hughes Associates, Inc., 2014 WL 6674421, at *5 (M.D. Pa. Nov. 24, 2014). Under Pennsylvania Rule 1042.6:

> (a) ... a defendant seeking to enter a judgment of non pros under Rule 1042.7(a) shall file a written notice of intention to file the praecipe and serve it on the party's attorney of record or on the party if unrepresented, no sooner than the thirty-first day after the filing of the complaint.

Pa. R. Civ. P. 1042.6(a). No judgment can be entered against a plaintiff for failure to timely file a certificate of merit until the defendant has complied with the notice requirements of Rule 1042.6(a). Pa. R. Civ. P. 1042.7(a)(4); Schmigel v. Uchal, 800 F.3d 113, 124 (3d Cir. 2015)

11

("The condition of thirty days' notice prior to seeking dismissal of an action for failure to comply with the [certificate of merit] regime is substantive and must be applied in federal court.").

In the instant case, Dr. Halligan provided Plaintiff with the requisite notice on August 22, 2018. See ECF No. 14. Over seven months later, Plaintiff has still not filed the required certificate. Under such circumstances, dismissal is appropriate.[5] Bennett, 2018 WL 6072126, at *10.

**C. Leave to Amend**

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In the instant case, however, the Court has reviewed the factual allegations in Plaintiff's proposed Amended Complaint and determined that they - like the allegations in his initial pleading - fail to state a claim upon which relief could be

---

[5] Although Rule 1042.3 compels dismissal of this claim, the Court must do so without prejudice. The entry of a judgment non pros by the prothonotary, which is the outcome contemplated by Rule 1042.3, has no precise analogue in the federal system. In this context, federal courts have held that "[u]nlike dismissal with prejudice, the entry of non pros is a default judgment that does not bar the plaintiff from commencing another suit based upon the same cause of action." Bresnahan v. Schenker, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007) (quoting Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511 (E.D. Pa. 2004)). "Moreover, under Pennsylvania law, a party can seek relief from a non pros dismissing a case under Rule 1042.3 by coming into compliance with the rule, showing that there is a meritorious malpractice cause of action, and providing a reasonable explanation or legitimate excuse for the earlier non-compliance." Lundy v. Monroe Cty. Corr. Facility, 2017 WL 9362913, *6 (M.D. Pa. Dec. 18, 2018) (citing Womer v. Hilliker, 908 A.2d 269 (Pa. 2006); Pa. R. Civ. P. 3051)). Therefore, "[w]hen a plaintiff has failed to submit a certificate of merit or otherwise indicated that he has retained an expert witness, it is appropriate for a federal district court to dismiss his professional malpractice claim without prejudice." Donnelly v. O'Malley & Langan, P.C., 2009 WL 3241662 (M.D. Pa. Oct. 2, 2009) (citations omitted) aff'd as modified sub nom., 370 Fed. Appx. 347 (3d Cir. 2010). Plaintiff may yet have recourse on this claim if he can file an appropriate COM and "demonstrate a reasonable explanation or legitimate excuse for untimely filing." Ramos v. Quien, 631 F. Supp. 2d 601, 612 (E.D. Pa. 2008). However, because there remains no basis for federal jurisdiction in this action, Plaintiff is instructed to file such claims – if he elects to do so – in the appropriate state court.

granted. Moreover, in light of the ample factual detail already supplied by Plaintiff with respect to his medical care, the Court concludes that further amendment would be futile.

## V.    CONCLUSION

For all of the foregoing reasons, Dr. Halligan's Motion to Dismiss (ECF No. 14) is GRANTED. Plaintiff's Complaint is dismissed, with prejudice. The Clerk is directed to mark this case closed.

/s/ Richard A. Lanzillo  
RICHARD A. LANZILLO  
United States Magistrate Judge

Dated: March 29, 2018