# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER YOUNG, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:18-cv-169 Erie |
| v. | ) | |
| | ) | |
| REKHA HALLIGAN, et al., | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendants | ) | ORDER ON PLAINTIFF'S MOTION |
| | ) | FOR RECONSIDERATION [ECF No. 38] |

Presently pending before the Court is a Motion for Reconsideration filed by the Plaintiff, Christopher Young. ECF No. 38. In his underlying Complaint, Plaintiff alleged that the lone defendant, Dr. Rehka Halligan, violated his Eighth Amendment rights by depriving him of necessary medical care. Plaintiff also asserted a medical malpractice claim under Pennsylvania state law.

On August 22, 2018, Halligan filed a motion to dismiss. ECF No. 14. Despite requesting and receiving several extensions of time in which to reply, Plaintiff failed to oppose the motion. Instead, Plaintiff belatedly filed a proposed Amended Complaint without seeking leave of Court. ECF No. 29. On March 29, 2019, this Court issued a Memorandum Opinion and Order ("Memorandum Order") [ECF No. 34] dismissing Plaintiff's Eighth Amendment claim for failure to state a claim and his medical malpractice claim for failure to file a Certificate of Merit. ECF No. 34. In reaching its decision, the Court considered Plaintiff's claims as presented in both the original Complaint and the proposed Amended Complaint.

1

Plaintiff seeks reconsideration of the Memorandum Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). As such, the movant must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already rightly or wrongly made, *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998), relitigate issues already resolved by the court, or advance additional arguments which could have been made by the movant before judgment. *Reich v. Compton*, 834 F.Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part*, *rev'd in part*, 57 F.3d 270 (3d Cir. 1995). Thus, litigants must "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994) (internal quotation omitted).

With respect to his Eighth Amendment claim, Plaintiff contends that the Memorandum Order contains factual and legal errors that must be corrected in order to prevent manifest injustice. Plaintiff has failed, however, to identify any specific factual or legal errors; rather, he simply conveys his dissatisfaction with the Court's conclusion. Courts routinely reject requests for reconsideration based on mere disagreements between a litigant and the court. *Williams*, 32 F.Supp.2d at 238 (motions for reconsideration should not be used "to retry issues the court

already decided"); *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("Such motions are not to be used as an opportunity to relitigate the case.").

Nor may litigants use a motion for reconsideration to "put forward arguments which [the movant] . . . could have made but neglected to make before judgment." *Burdyn v. Old Forge Borough*, 2019 WL 1118555, at *2 (M.D. Pa. Mar. 11, 2019) (citing sources omitted). As noted above, Plaintiff was given several opportunities to respond to Halligan's motion to dismiss and failed to do so. Each of the arguments raised in Plaintiff's motion for reconsideration could have been presented at that time.

Even if the Court were to consider the substance of Plaintiff's motion, his primary argument – that the Court of Appeals for the Seventh Circuit's decision in *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005), compels a different result – lacks merit. In *Greeno*, the plaintiff-inmate presented himself to his prison's medical staff with severe heartburn and frequent vomiting. *Id*. at 653. The nurse who initially treated the plaintiff's condition provided him with nothing more than Maalox and ibuprofen, the latter of which was actually more likely to exacerbate his symptoms than relieve them. *Id*. Medical personnel repeatedly ignored the inmate's requests for a bland diet or a visit to a specialist. *Id*. In the end, the plaintiff received almost no treatment for his condition – aside from "five or six bottles of Maalox weekly" – until an endoscopy ultimately revealed an ulcer. *Id*. at 655.

Reversing the district court's dismissal, the Court of Appeals held that, although the inmate had technically received "some" treatment, the defendants' "obdurate refusal" to offer anything stronger than Maalox in response to the inmate's serious complaints violated the Eighth Amendment. *Id*. In addition to refusing to order or authorize any testing, at least one prison

3

physician imposed "an emphatic ban on treatment" for the plaintiff by issuing a written directive stating that he was to receive "no gastroscopy" and "no pain medications." *Id*. (emphasis in original). Characterizing the plaintiff's treatment as "gratuitous cruelty," the Court concluded that the defendants' "dogged[] persist[ance] in a course of treatment known to be ineffective" amounted to deliberate indifference. *Id*.

Unlike in *Greeno*, Plaintiff's pleadings reveal that the prison authorized several visits to outside specialists prior to Plaintiff's interactions with Halligan. The results of those consults – including an endoscopy, a colonoscopy, an ultrasound, a CAT scan, and several EKGs – revealed that Plaintiff suffers from, in effect, mild esophagitis, erosive reflux, and gastritis. Based on that diagnosis, Halligan (and other medical personnel) exercised their professional judgment and provided Plaintiff with medications such as zantac, omeprazole, protonix, pepsid, Carafate, mytabs, mygas, and Mylanta. Although Plaintiff complains that those treatments were ineffective, it is evident that he received a level of care far exceeding that offered to the plaintiff in *Greeno*. Accordingly, Plaintiff has failed to establish that the Court's decision was clearly erroneous or manifestly unjust.

Finally, Plaintiff objects to the dismissal of his medical malpractice claim based on his failure to file a timely Certificate of Merit. As there is no remaining basis for federal jurisdiction in this action, however, the Court may properly decline to exercise supplemental jurisdiction over Plaintiff's pendent state law claims. *See* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction"). The Court explicitly dismissed Plaintiff's medical malpractice claim without prejudice for the precise purpose of permitting him an opportunity to obtain a Certificate

of Merit and refile his claim in state court.  *See Lundy v. Monroe Cty. Corr. Facility*, 2017 WL 9362913, *6 (M.D. Pa. Dec. 18, 2018) ("[U]nder Pennsylvania law, a party can seek relief from a non pros dismissing a case under Rule 1042.3 by coming into compliance with the rule, showing that there is a meritorious malpractice cause of action, and providing a reasonable explanation or legitimate excuse for the earlier non-compliance.") (citing *Womer v. Hilliker*, 908 A.2d 269 (Pa. 2006); Pa. R. Civ. P. 3051)).  This is the precise relief Plaintiff is seeking in his motion.  As such, his request for reconsideration as to that claim is denied as moot.

For the reasons set forth above, Plaintiff's Motion for Reconsideration [ECF No. 38] is DENIED.

/s/ Richard A. Lanzillo\
RICHARD A. LANZILLO\
United States Magistrate Judge

Dated: May 3, 2019